1  THOMAS E. FRANKOVICH (State Bar No. 074414)
   THOMAS E. FRANKOVICH,
2  *A Professional Law Corporation*
   4328 Redwood Hwy., Suite 300
3  San Rafael, CA 94903
   Telephone:    415/674-8600
4  Facsimile:    415/674-9900

5  Attorneys for Plaintiffs
   CRAIG YATES
6  and DISABILITY RIGHTS
   ENFORCEMENT, EDUCATION,
7  SERVICES: HELPING YOU
   HELP OTHERS

8

9

ORIGINAL FILED

JAN 23 2009

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

10            UNITED STATES DISTRICT COURT

11           NORTHERN DISTRICT OF CALIFORNIA

12

13  CRAIG YATES, an individual; and          )   **CASE NO.**
    DISABILITY RIGHTS, ENFORCEMENT, )          **Civil Rights**
14  EDUCATION, SERVICES:HELPING YOU )
    HELP OTHERS, a California public benefit ) **COMPLAINT FOR INJUNCTIVE RELIEF**
15  corporation,                             )   **AND DAMAGES:**
                                             )
16            Plaintiffs,                    )   **1ˢᵗ CAUSE OF ACTION:** For Denial of Access
                                             )   by a Public Accommodation in Violation of the
17  v.                                       )   Americans with Disabilities Act of 1990 (42
                                             )   U.S.C. §12101, *et seq.*)
18  CHRIS S. MANITSAS, TRUSTEE OF THE )
    GEORGE MANITSAS TRUST,                   )   **2ⁿᵈ CAUSE OF ACTION:** For Denial of Full
19                                           )   and Equal Access in Violation of California
              Defendant.                     )   Civil Code §§54, 54.1 and 54.3
20  _____ )
                                             **3ʳᵈ CAUSE OF ACTION:** For Denial of
21                                           Accessible Sanitary Facilities in Violation of
                                             California Health & Safety Code §19955, *et seq.*
22
                                             **4ᵗʰ CAUSE OF ACTION:** For Denial of
23                                           Access to Full and Equal Accommodations,
                                             Advantages, Facilities, Privileges and/or
24                                           Services in Violation of California Civil Code
                                             §51, *et seq.* (The Unruh Civil Rights Act)
25

26

27                                           **DEMAND FOR JURY**

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

Plaintiffs CRAIG YATES, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation (hereinafter sometimes referred to as "DREES"), complain of defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST, and allege as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical disabilities, of which class plaintiff CRAIG YATES and the membership of DREES are members, for failure to remove architectural barriers structural in nature at defendants' Little Henry's, a place of public accommodation, thereby discriminatorily denying plaintiffs and the class of other similarly situated persons with physical disabilities access to, the full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities, services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

2.      Plaintiff CRAIG YATES is a person with physical disabilities who, on or about September 25, 2008, October 16, 2008, October 19, 2008, November 25, 2008 and January 7, 2009, was an invitee, guest, patron, customer at defendants' Little Henry's, in the City of San Francisco, California.  At said time and place, defendants failed to provide proper legal access to the restaurant, which is a "public accommodation" and/or a "public facility" including, but not limited to the entry and unisex restroom.  The denial of access was in violation of both federal and California legal requirements, and plaintiff CRAIG YATES suffered violation of his civil rights to full and equal access, and was embarrassed and humiliated.

///
///
///
///
///
///

**JURISDICTION AND VENUE:**

3.      **Jurisdiction:**   This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under parallel California law, whose goals are closely tied with the ADA, including but not limited to violations of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Building Standards Code.

4.      **Venue:**   Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the facts that the real property which is the subject of this action is located at/near 3600 Balboa Street, in the City and County of San Francisco, State of California, and that plaintiffs' causes of action arose in this county.

**PARTIES:**

5.      Plaintiff CRAIG YATES is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54 and 54.1, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff CRAIG YATES is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff is a triplegic. Plaintiff CRAIG YATES requires the use of a wheelchair to travel about in public. Consequently, plaintiff CRAIG YATES is a member of that portion of the public whose rights are protected by the provisions of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*

6.     Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works with persons with disabilities to empower them to be independent in American society.  DREES accomplishes its goals and purposes through education on disability issues, enforcement of the rights of persons with disabilities, and the provision of services to persons with disabilities, the general public, public agencies and the private business sector.  DREES brings this action on behalf of its members, many of whom are persons with physical disabilities and whom have standing in their right to bring this action.

7.     That members of DREES, like plaintiff CRAIG YATES, will or have been guests and invitees at the subject Little Henry's, and that the interests of plaintiff DREES in removing architectural barriers at the subject Little Henry's advance the purposes of DREES to assure that all public accommodations, including the subject restaurant, are accessible to independent use by mobility-impaired persons.  The relief sought by plaintiff DREES as alleged herein is purely statutory in nature.

8.     Defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST (hereinafter alternatively collectively referred to as "defendant") is the owner and operator, lessor and/or lessee, or agent of the owners, lessors and/or lessees, of the public accommodation known as Little Henry's, located at/near 3600 Balboa Street, San Francisco, California, or of the building and/or buildings which constitute said public accommodation.

9.     At all times relevant to this complaint, defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST, owns and operates in joint venture the subject Little Henry's as a public accommodation.  This business is open to the general public and conducts business therein.  The business is a "public accommodation" or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

///

///

///

1    10.    At all times relevant to this complaint, defendant CHRIS S. MANITSAS,

2 TRUSTEE OF THE GEORGE MANITSAS TRUST is jointly and severally responsible to

3 identify and remove architectural barriers at the subject Little Henry's pursuant to Code of

4 Federal Regulations title 28, section 36.201(b), which states in pertinent part:

5    **§ 36.201    General**

6    (b) *Landlord and tenant responsibilities.* Both the landlord
     who owns the building that houses a place of public
7    accommodation and the tenant who owns or operates the place of
     public accommodation are public accommodations subject to the
8    requirements of this part. As between the parties, allocation of
     responsibility for complying with the obligations of this part may
9    be determined by lease or other contract.

10    28 CFR §36.201(b)

11 **PRELIMINARY FACTUAL ALLEGATIONS:**

12    11.    The Little Henry's, is a restaurant, located at/near 3600 Balboa Street, San

13 Francisco, California. The Little Henry's, its entry, unisex restroom, and its other facilities are

14 each a "place of public accommodation or facility" subject to the barrier removal requirements of

15 the Americans with Disabilities Act. On information and belief, each such facility has, since July

16 1, 1970, undergone "alterations, structural repairs and additions", each of which has subjected the

17 Little Henry's restaurant and each of its facilities, its entry and unisex restroom to disability

18 access requirements per the Americans with Disabilities Act Accessibility Guidelines (ADAAG),

19 and Title 24 of the California Code of regulations (Title 24).

20    12.    At all times stated herein, plaintiff CRAIG YATES was a member of DREES.

21    13.    At all times referred to herein and continuing to the present time, defendants, and

22 each of them, advertised, publicized and held out the Little Henry's restaurant as being

23 handicapped accessible and handicapped usable.

24    14.    On or about September 25, 2008, October 16, 2008, October 19, 2008, November

25 25, 2008 and January 7, 2009, plaintiff CRAIG YATES was an invitee and guest at the subject

26 Little Henry's, for purposes of having food and/or beverages.

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

15.     On or about September 25, 2008, plaintiff CRAIG YATES attempted to enter Little Henry's through the main entrance and was unable to do so, because of excessive door pressure and lack of a strike side clearance.  A male food server opened the door for plaintiff CRAIG YATES.

16.     At said time and place, plaintiff CRAIG YATES had his food and needed to use a restroom.  Plaintiff CRAIG YATES inquired where the accessible restroom was located. Plaintiff CRAIG YATES was directed to a large unisex restroom.

17.     The entry door of the restroom did not have any type of handle and the interior portion of the door only had a standard slide bolt for a locking device.  Plaintiff CRAIG YATES had a food server open the door for him.  Plaintiff CRAIG YATES struggled to lock the restroom door.

18.     On or about October 16, 2008, plaintiff CRAIG YATES returned to Little Henry's.  Once again, plaintiff CRAIG YATES struggled with the door, even though there were three (3) female food servers inside.  A customer seeing plaintiff CRAIG YATES's plight came and opened the door.

19.     Plaintiff CRAIG YATES consumed his meal.

20.     Plaintiff CRAIG YATES needed assistance to open the door to the restroom and struggled to close and lock the door.

21.     At said time and place, as plaintiff CRAIG YATES was exiting the unisex restroom, plaintiff CRAIG YATES scraped his hand.

22.     On or about October 16, 2008, plaintiff CRAIG YATES wrote both the landlord and the tenant and informed them that while the unisex restroom was more than ample in size, it appeared someone forgot or simply didn't care that none of the elements (grab bars, height of dispensers and mirror) were either missing, or at an unusable height.  Plaintiff CRAIG YATES never received a response.

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

23.     On or about October 19, 2008 and November 25, 2008, plaintiff CRAIG YATES patronized Little Henry's.  No remedial work had been done.  Plaintiff CRAIG YATES struggled with both the entry and unisex restroom doors.

24.     On or about January 7, 2009, plaintiff CRAIG YATES returned to Little Henry's. Plaintiff CRAIG YATES wheeled to the front door.  A male food server saw him but provided no assistance.  Later, a patron opened the door for plaintiff CRAIG YATES, and plaintiff CRAIG YATES wheeled in.

25.     At said time and place, plaintiff CRAIG YATES needed to use the restroom.  A  male, who appeared to be the owner or manager, opened the door to the restroom for plaintiff CRAIG YATES.

26.     Therefore, at said times and place, plaintiff CRAIG YATES, a person with a disability, encountered the following inaccessible elements of the subject Little Henry's which constituted architectural barriers and a denial of the proper and legally-required access to a public accommodation to persons with physical disabilities including, but not limited to:

      a.      lack of an accessible entrance due to excessive door pressure and lack of a strike side clearance;

      b.      lack of a handicapped-accessible unisex public restroom; and

      c.      On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

27.     At all times stated herein, the existence of architectural barriers at defendants' place of public accommodation evidenced "actual notice" of defendants' intent not to comply with the Americans with Disabilities Act of 1990 either then, now or in the future.

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

28.     On or about October 16, 2008, defendant(s) were sent two (2) letters by or on behalf of plaintiff CRAIG YATES advising of the existence of architectural barriers, requesting a response within 14 days and requesting remedial measures be undertaken within 90 days or an explanation of why the time limit set could not be met and/or extenuating circumstances.  Said letters are attached hereto collectively as exhibit "A" and incorporated by reference as though fully set forth herein.  Defendants' failure to respond evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

29.     At all times stated herein, defendants, and each of them, did not act as reasonable and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not removing architectural barriers that would foreseeably prevent plaintiff CRAIG YATES from receiving the same goods and services as able bodied people and some of which may and did pose a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered bodily injury.

30.     As a legal result of defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiffs and other persons with disabilities, plaintiffs suffered the damages as alleged herein.

31.     As a further legal result of the actions and failure to act of defendants, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff CRAIG YATES suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered bodily injury on or about September 25, 2008, October 16, 2008, October 19, 2008 and November 25, 2008, including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a legal result of defendant negligence in the design, construction and maintenance of the existing

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   entry door and unisex restroom door, plaintiff suffered continuous, repetitive and cumulative

2   trauma to his upper extremities while attempting to open doors, exit through doors and lock the

3   restroom door.

4        32.    Further, plaintiff CRAIG YATES suffered emotional distress, mental distress,

5   mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,

6   embarrassment, anger, disappointment and worry, expectedly and naturally associated with a

7   person with physical disabilities being denied access, all to his damages as prayed hereinafter in

8   an amount within the jurisdiction of this court.  No claim is being made for mental and emotional

9   distress over and above that usually associated with the discrimination and physical injuries

10  claimed, and no expert testimony regarding this usual mental and emotional distress will be

11  presented at trial in support of the claim for damages.

12       33.    Defendants', and each of their, failure to remove the architectural barriers

13  complained of herein created, at the time of plaintiff CRAIG YATES's first visit to said public

14  accommodation, and continues to create continuous and repeated exposure to substantially the

15  same general harmful conditions which caused plaintiff CRAIG YATES harm as stated herein.

16       34.    Plaintiff CRAIG YATES and the membership of DREES were denied their rights

17  to equal access to a public facility by defendant CHRIS S. MANITSAS, TRUSTEE OF THE

18  GEORGE MANITSAS TRUST , because defendant CHRIS S. MANITSAS, TRUSTEE OF THE

19  GEORGE MANITSAS TRUST  maintained a restaurant without access for persons with physical

20  disabilities to its facilities, including but not limited to the entry, unisex restroom, and other public

21  areas as stated herein, and continue to the date of filing this complaint to deny equal access to

22  plaintiffs and other persons with physical disabilities in these and other ways.

23       35.    On information and belief, construction alterations carried out by defendants have

24  also triggered access requirements under both California law and the Americans with Disabilities

25  Act of 1990.

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

36.     Plaintiffs, as described herein below, seek injunctive relief to require the Little Henry's restaurant to be made accessible to meet the requirements of both California law and the Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants own the premises and operate the restaurant as a public facility.

37.     Plaintiffs seek damages for violation of their civil rights on September 25, 2008, October 16, 2008, October 19, 2008, November 25, 2008 and January 7, 2009, and they seek statutory damages of not less than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3, for each day after his visit that the trier of fact (court/jury) determines was the date that some or all remedial work should have been completed under the standard that the landlord and tenant had an ongoing duty to identify and remove architectural barriers where it was readily achievable to do so, which deterred plaintiff CRAIG YATES  from returning to the subject public accommodation because of his knowledge and/or belief that neither some or all architectural barriers had been removed and that said premises remains inaccessible to persons with disabilities whether a wheelchair user or otherwise.

38.     On information and belief, defendants have been negligent in their affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

39.     Because of defendants' violations, plaintiffs and other persons with physical disabilities are unable to use public facilities such as those owned and operated by defendants on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling defendants to make the Little Henry's restaurant accessible to persons with disabilities.

40.     On information and belief, defendants have intentionally undertaken to modify and alter existing building(s), and have failed to make them comply with accessibility requirements under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each of them, in failing to provide the required accessible public facilities at the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and despicable conduct carried

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  out by defendants, and each of them, with a willful and conscious disregard for the rights and

2  safety of plaintiffs and other similarly situated persons, and justify a trebling of damages as

3  provided by Civil Code §§52(a) and 54.3, in order to make a more profound example of

4  defendants, and each of them, to other operators and landlords of other restaurants and owner of

5  said Little Henry's restaurant and other public facilities, and to punish defendants and to carry out

6  the purposes of  the Civil Code §§ 51, 51.5 and 54.

7      41.    Plaintiffs are informed and believe and therefore allege that defendant CHRIS S.

8  MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST, and each of them, caused the

9  subject building(s) which constitute the Little Henry's restaurant to be constructed, altered and

10  maintained in such a manner that persons with physical disabilities were denied full and equal

11  access to, within and throughout said building(s) of the restaurant and were denied full and equal

12  use of said public facilities.  Furthermore, on information and belief, defendants have continued to

13  maintain and operate said restaurant and/or its building(s) in such conditions up to the present

14  time, despite actual and constructive notice to such defendants that the configuration of Little

15  Henry's restaurant and/or its building(s) is in violation of the civil rights of persons with physical

16  disabilities, such as plaintiff CRAIG YATES, the membership of plaintiff DREES and the

17  disability community which DREES serves.  Such construction, modification, ownership,

18  operation, maintenance and practices of such public facilities are in violation of Civil Code §§51,

19  51.5 and 54, Health and Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

20      42.    On personal knowledge, information and belief, the basis of defendants' actual and

21  constructive notice that the physical configuration of the facilities including, but not limited to,

22  architectural barriers constituting the Little Henry's restaurant and/or building(s) was in violation

23  of the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not

24  limited to, communications with invitees and guests, plaintiff CRAIG YATES himself, owners of

25  other restaurants, hotels, motels and businesses, notices they obtained from governmental

26  agencies upon modification, improvement, or substantial repair of the subject premises and other

27  properties owned by these defendants, newspaper articles and trade publications regarding the

28  Americans with Disabilities Act of 1990 and other access laws, public service announcements by

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

former U.S. Attorney General Janet Reno between 1993 and 2000, and other similar information. Defendants' failure, under state and federal law, to make the subject restaurant accessible is further evidence of defendants' conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.  Despite being informed of such effect on plaintiff and other persons with physical disabilities due to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused to take any steps to rectify the situation and to provide full and equal access for plaintiffs and other persons with physical disabilities to the Little Henry's restaurant.  Said defendants, and each of them, have continued such practices, in conscious disregard for the rights of plaintiffs and other persons with physical disabilities, up to the date of filing of this complaint, and continuing thereon.  Defendants had further actual knowledge of the architectural barriers referred to herein by virtue of the demand letter addressed to the defendants and served concurrently with the summons and complaint.  Said conduct, with knowledge of the effect it was and is having on plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the imposition of treble damages per Civil Code §§52 and 54.3.

43.     Plaintiff CRAIG YATES and plaintiff DREES, on behalf of its membership and the disability community which it serves, consisting of persons with disabilities, would, could and will return to the subject public accommodation when it is made accessible to persons with disabilities.

I.    **FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
(On behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST, inclusive)
(42 U.S.C. §12101, *et seq*.)

44.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 43 of this complaint.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

45. Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

46. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

47. As part of the Americans with Disabilities Act of 1990, Public Law 101-336 (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public accommodations identified for purposes of this title was:

> (7)    PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
> ---
> (B) a restaurant, bar or other establishment serving food or drink.

42 U.S.C. §12181(7)(B)

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

48.     Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

49.     The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)     the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)   a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)     where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

50.     The removal of the barriers complained of by plaintiffs as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject building(s) of Little Henry's pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable."  On information and belief, defendants' failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182 (b)(2)(A)(i)and (ii).

51.     Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  The statute defines relative "expense" in part in relation to the total financial resources of the entities involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that plaintiffs complain of herein were and are "readily achievable" by the defendants under the standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required services available through alternative methods which were readily achievable.

52.     On information and belief, construction work on, and modifications of, the subject building(s) of Little Henry's occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA.

53.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from returning to or making use of the public facilities complained of herein so long as the premises and defendants' policies bar full and equal use by persons with physical disabilities.

///

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

54.   42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a disability to engage in a futile gesture if such person has actual notice that a person or organization covered by this title does not intend to comply with its provisions."  Pursuant to this section, plaintiff CRAIG YATES  has not returned to defendants' premises since on or about January 7, 2009, but on information and belief, alleges that defendants have continued to violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

55.   Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990, including but not limited to an order granting injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

**II.   SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.)*

56.   Plaintiffs replead and incorporate by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 55 of this complaint.

///
///
///
///
///
///

57.     At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

58.     California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

59.     California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

60.     Plaintiff CRAIG YATES and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1. Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1. Plaintiffs have been and continue to be denied full and equal access to defendants' Little Henry's restaurant. As a legal result, plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance with California Civil Code §54.3(a) for each day on which they visited or have been deterred from visiting the Little Henry's restaurant because of their knowledge and belief that the subject restaurant is inaccessible to persons with disabilities. California Civil Code §54.3(a) provides:

> Any person or persons, firm or corporation, who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2 is liable for each offense for the actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than . . .one thousand dollars ($1,000) and . . . attorney's fees as may be determined by the court in addition thereto, suffered by any person denied any of the rights provided in Sections 54, 54.1 and 54.2.

Civil Code §54.3(a)

61.     On or about September 25, 2008, October 16, 2008, October 19, 2008, November 25, 2008 and January 7, 2009, plaintiff CRAIG YATES suffered violations of Civil Code §§54 and 54.1 in that plaintiff CRAIG YATES was denied access to the entry, unisex restroom and other public facilities as stated herein at the Little Henry's restaurant and on the basis that plaintiff CRAIG YATES  was a person with physical disabilities.

62.     As a result of the denial of equal access to defendants' facilities due to the acts and omissions of defendants, and each of them, in owning, operating and maintaining these subject public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to rights under Civil Code §§54, 54.1 and 54.3, and plaintiff CRAIG YATES suffered physical discomfort, bodily injury on or about September 25, 2008, October 16, 2008, October 19, 2008

1 | and November 25, 2008, including, but not limited to, fatigue, stress, strain and pain in wheeling
2 | and attempting to and/or transferring up, on, down, to, over, around and through architectural
3 | barriers.  Specifically, as a legal result of defendants negligence in the design, construction and
4 | maintenance of the existing entry door, unisex restroom door (missing a door handle), plaintiff
5 | CRAIG YATES suffered continuous, repetitive and cumulative trauma to his upper extremities
6 | while attempting to utilize these elements of the subject restaurant.

7 |   63.    Further, plaintiff CRAIG YATES suffered mental distress, mental suffering, mental
8 | anguish, which includes shame, humiliation, embarrassment, frustration, anger, disappointment
9 | and worry, all of which are expectedly and naturally associated with a denial of access to a person
10 | with physical disabilities, all to plaintiff's damages as hereinafter stated.  Defendants' actions and
11 | omissions to act constituted discrimination against plaintiff on the sole basis that plaintiffs are
12 | persons or an entity that represents persons with physical disabilities and unable, because of the
13 | architectural barriers created and maintained by the defendants in violation of the subject laws, to
14 | use the public facilities hereinabove described on a full and equal basis as other persons.

15 |   64.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
16 | and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 for violation of plaintiffs'
17 | rights as persons or an entity that represents persons with physical disabilities on or about
18 | September 25, 2008, October 16, 2008, October 19, 2008, November 25, 2008 and
19 | January 7, 2009, and on a continuing basis since then, including statutory damages, a trebling of
20 | all of actual damages, general and special damages available pursuant to §54.3 of the Civil Code
21 | according to proof.

22 |   65.    As a result of defendants', and each of their, acts and omissions in this regard,
23 | plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
24 | plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
25 | disabilities and prohibiting discrimination against persons with physical disabilities.  Pursuant to
26 | the provisions of Civil Code §54.3, plaintiffs therefore will seek recovery in this lawsuit for all
27 | reasonable attorneys' fees and costs incurred if deemed the prevailing party.  Additionally,
28 | plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   to compel the defendants to make their facilities accessible to all members of the public with

2   disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to

3   the provisions of §1021.5 of the Code of Civil Procedure.

4         Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

5 **III.**     **THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

6        (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

7        corporation and Against Defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST, inclusive)

8        (Health & Safety Code §19955, *et seq.*)

9       66.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

10   allegations contained in paragraphs 1 through 65 of this complaint.

11       67.     Health & Safety Code §19955 provides in pertinent part:

12           The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the

13           provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part

14           "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general

15           public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and convention centers. When sanitary

16           facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for

17           the handicapped.

18       68.     Health & Safety Code §19956, which appears in the same chapter as §19955,

19   provides in pertinent part, "accommodations constructed in this state shall conform to the

20   provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government

21   Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all

22   public accommodations constructed or altered after that date. On information and belief, portions

23   of the Little Henry's restaurant and/or of the building(s) were constructed and/or altered after July

24   1, 1970, and substantial portions of the subject restaurant and/or the building(s) had alterations,

25   structural repairs, and/or additions made to such public accommodations after July 1, 1970,

26   thereby requiring said restaurant and/or building to be subject to the requirements of Part 5.5,

27   §19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions

28   per Health & Safety Code §19959.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

69.     Pursuant to the authority delegated by Government Code §4450, *et seq*, the State Architect promulgated regulations for the enforcement of these provisions.  Effective July 1, 1982, Title 24 of the California Building Standards Code adopted the California State Architect's Regulations and these regulations must be complied with as to any alterations and/or modifications of Little Henry's restaurant and/or the building(s) occurring after that date.  Construction changes occurring prior to this date but after July 1, 1970 triggered access requirements pursuant to the "ASA" requirements, the American Standards Association Specifications, A117.1-1961.  On information and belief, at the time of the construction and modification of said building, all buildings and facilities covered were required to conform to each of the standards and specifications described in the American Standards Association Specifications and/or those contained in Title 24 of the California Building Standards Code.

70.     Restaurants such as the Little Henry's restaurant are "public accommodations or facilities" within the meaning of Health & Safety Code §19955, *et seq*.

71.     As a result of the actions and failure to act of defendants, and as a result of the failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs' civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to public facilities.

72.     Attorneys' Fees -- As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with physical disabilities and prohibiting discrimination against the persons with physical disabilities, and to take such action both in plaintiffs' own interests and in order to enforce an important right affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953 and Civil Code §§54.3 and/or in the alternative, plaintiffs will seek attorneys' fees, costs and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-3(a)).

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing party.

2      73.     Plaintiffs seek injunctive relief for an order compelling defendants, and each of

3  them, to make the subject place of public accommodation readily accessible to and usable by

4  persons with disabilities.

5      Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

6  **IV.   FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
        EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**
7  **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
        SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
8  (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS, ENFORCEMENT,
   EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
9  corporation, and Against Defendant CHRIS S. MANITSAS, TRUSTEE OF THE
   GEORGE MANITSAS TRUST, inclusive)
10 (Civil Code §51, 51.5)

11     74.     Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

12 allegations contained in paragraphs 1 through 73 of this complaint.

13     75.     Defendants' actions and omissions and failure to act as a reasonable and prudent

14 public accommodation in identifying, removing and/or creating architectural barriers, policies,

15 practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

16 Unruh Act provides:

17     This section shall be known, and may be cited, as the Unruh
       Civil Rights Act.
18
19     All persons within the jurisdiction of this state are free and
       equal, and no matter what their sex, race, color, religion, ancestry,
       national origin, or **disability** are entitled to the full and equal
20     accommodations, advantages, facilities, privileges, or services in all
       business establishments of every kind whatsoever.
21
22     This section shall not be construed to confer any right or
       privilege on a person that is conditioned or limited by law or that is
       applicable alike to persons of every sex, color, race, religion,
23     ancestry, national origin, or **disability.**

24     Nothing in this section shall be construed to require any
       construction, alteration, repair, structural or otherwise, or
25     modification of any sort whatsoever, beyond that construction,
       alteration, repair, or modification that is otherwise required by other
26     provisions of law, to any new or existing establishment, facility,
       building, improvement, or any other structure . . . nor shall anything
27     in this section be construed to augment, restrict, or alter in any way
       the authority of the State Architect to require construction,
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

> alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other . . . laws.

> A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section.

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the "intent" of the defendants in not complying with barrier removal is not an issue.  Hence, the failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or failing to act to identify and remove barriers can be construed as a "negligent per se" act of defendants, and each of them.

76.     The acts and omissions of defendants stated herein are discriminatory in nature and in violation of Civil Code §51.5:

> No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, or **disability** of the person or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers.

> As used in this section, "person" includes any person, firm association, organization, partnership, business trust, corporation, limited liability company, or company.

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure . . . nor shall anything in this section be construed to augment, restrict or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

77.     Defendants' acts and omissions as specified have denied to plaintiffs full and equal accommodations, advantages, facilities, privileges and services in a business establishment, on the basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act. Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."  Plaintiffs accordingly incorporate the entirety of

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  their above cause of action for violation of the Americans with Disabilities Act at §44, *et seq*., as

2  if repled herein.

3       78.    As a legal result of the violation of plaintiff CRAIG YATES's  civil rights as

4  hereinabove described, plaintiff CRAIG YATES has suffered general damages, bodily injury on

5  or about September 25, 2008, October 16, 2008, October 19, 2008 and November 25, 2008,

6  including, but not limited to, fatigue, stress, strain and pain in wheeling and attempting to and/or

7  transferring up, on, down, to, over, around and through architectural barriers.  Specifically, as a

8  legal result of defendants negligence in the design, construction and maintenance of the existing

9  entry door and unisex restroom door in not (reducing door pressure and removal of door knobs,

10  plaintiff suffered continuous, repetitive and cumulative trauma to his extremities while attempting

11  to open and utilize said elements.

12       79.    Further, plaintiff CRAIG YATES suffered physical injury, emotional distress (all

13  to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).

14  Plaintiffs CRAIG YATES  and DREES are entitled to the rights and remedies of §52(a) of the

15  Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean

16  "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by

17  statute, according to proof if deemed to be the prevailing party.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**PRAYER:**

Plaintiffs pray that this court award damages and provide relief as follows:

**I.     PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, *et seq.*)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST, inclusive)
(42 U.S.C. §12101, *et seq.*)

1.     For injunctive relief, compelling defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST, inclusive, to make the Little Henry's restaurant, located at 3600 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, *et seq*., and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.     For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed the prevailing party; and

3.     For such other and further relief as the court may deem proper.

**II.    PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, *ET SEQ.***
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST, inclusive)
(California Civil Code §§54, 54.1, 54.3, *et seq.*)

1.     For injunctive relief, compelling defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST, inclusive, to make the Little Henry's restaurant, located at 3600 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with disabilities, per state law.

2.     Statutory damages as afforded by Civil Code §54.3 for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation.

///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1       3.      Attorneys' fees pursuant to Civil Code §54.3 and Code of Civil Procedure §1021.5,

2 if plaintiffs are deemed the prevailing party;

3       4.      Treble damages pursuant to Civil Code §54.3;

4       5.      General damages according to proof;

5       6.      For all costs of suit;

6       7.      Prejudgment interest pursuant to Civil Code §3291; and

7       8.      Such other and further relief as the court may deem just and proper.

8 **III.**   **PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***

9 (On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

10 corporation, and Against Defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST, inclusive)

11 (Health & Safety code §19955, *et seq.*)

12       1.      For injunctive relief, compelling defendant CHRIS S. MANITSAS, TRUSTEE OF

13 THE GEORGE MANITSAS TRUST, inclusive, to make the Little Henry's restaurant, located at

14 3600 Balboa Street, San Francisco, California, readily accessible to and usable by individuals with

15 disabilities, per state law.

16       2.      For attorneys' fees pursuant to Code of Civil Procedure §1021.5, and/or,

17 alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

18       3.      For all costs of suit;

19       4.      For prejudgment interest pursuant to Civil Code §3291; and

20       5.      Such other and further relief as the court may deem just and proper.

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28

**IV.   PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs CRAIG YATES and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendant CHRIS S. MANITSAS, TRUSTEE OF THE GEORGE MANITSAS TRUST, inclusive)
(California Civil Code §§51, 51.5, *et seq.*)

1.      All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.      Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.      General damages according to proof;

4.      Treble damages pursuant to Civil Code §52(a);

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1      5.     For all costs of suit;

2      6.     Prejudgment interest pursuant to Civil Code §3291; and

3      7.     Such other and further relief as the court may deem just and proper.

4

5    Dated: ___1/9/09___, 2009          THOMAS E. FRANKOVICH,
                                         *A PROFESSIONAL LAW CORPORATION*
6

7                                    By: _____
8                                          THOMAS E. FRANKOVICH
                                           Attorneys for Plaintiffs CRAIG YATES and DISABILITY
9                                          RIGHTS ENFORCEMENT, EDUCATION, SERVICES:
                                           HELPING YOU HELP OTHERS, a California public
10                                         benefit corporation

11

12

13                         **DEMAND FOR JURY TRIAL**

14    Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

15   Dated: ___1/9/09___, 2009          THOMAS E. FRANKOVICH,
                                         *A PROFESSIONAL LAW CORPORATION*
16

17

18                                   By: _____
                                           THOMAS E. FRANKOVICH
19                                         Attorneys for Plaintiffs CRAIG YATES and DISABILITY
                                           RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
20                                         HELPING YOU HELP OTHERS, a California public
                                           benefit corporation
21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
                                                                          28

# EXHIBIT A

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

October 16, 2008

Manager
Little Henry's
3600 Balboa Street
San Francisco, CA 94121

Dear Manager of Little Henry's:

Hello, I'm writing this letter to both the tenant and landlord for Little Henry's.

You see I use a wheelchair and when I used the restroom I was surprised how big it was but that it didn't have things to make it useable by us wheelchair users like no grab bars, high towel dispensers and sink, high mirror, hose bib sticking out of wall with no protection. What it looks like is that somebody forgot to put these things in. They are simple to do so I guess the two of you can decide who should put them in. Okay.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Little Henry's once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk

to your accountant about it.  Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates

Craig Yates
1004 Los Gamos Road, Unit E
San Rafael, CA 94903

October 16, 2008

Owner
Little Henry's
3600 Balboa Street
San Francisco, CA 94121

Dear Owner of Building for Little Henry's:

Hello, I'm writing this letter to both the tenant and landlord for Little Henry's.

You see I use a wheelchair and when I used the restroom I was surprised how big it was but that it didn't have things to make it useable by us wheelchair users like no grab bars, high towel dispensers and sink, high mirror, hose bib sticking out of wall with no protection. What it looks like is that somebody forgot to put these things in. They are simple to do so I guess the two of you can decide who should put them in. Okay.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Little Henry's once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk

to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Craig Yates